NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FERNANDO ESPINOSA-RAMIREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-467

Agency No.
A078-329-843

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Portland, Oregon

Before: BYBEE and FORREST, Circuit Judges, and RODRIGUEZ, District
Judge.[***]

Petitioner Fernando Espinosa-Ramirez is a native and citizen of Mexico. He

seeks review of a Board of Immigration Appeals ("BIA") order dismissing his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

application for withholding of removal and protection under the Convention Against Torture ("CAT").  We deny his petition.

We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation omitted).  Under this standard, we uphold the BIA's determination "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.      The BIA did not err in concluding that Espinosa-Ramirez was not entitled to withholding of removal.  An applicant for withholding of removal must show that a protected ground was "a reason" for his asserted persecution.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358-59 (9th Cir. 2017).  First, substantial evidence supports the BIA's determination that Espinosa-Ramirez was not previously persecuted because of his Christian religion because Espinosa-Ramirez testified that cartel members sought to recruit him for his business acumen and would have targeted him regardless of his religion.  Second, substantial evidence supports the BIA's determination that Espinosa-Ramirez was not likely to experience future persecution in Mexico for being Christian.  The United States Department of State's 2019 International Religious Freedom Report indicated that religious

persecution was not prevalent in Mexico, and Espinosa-Ramirez cites no evidence to the contrary.

2.     The BIA did not err in concluding that Espinosa-Ramirez was not entitled to protection under CAT, which proscribes removing a noncitizen to a country where they will "more likely than not" be tortured by the government or with the government's acquiescence.  8 C.F.R. §§ 1208.16, 1208.17, 1208.18. Espinosa-Ramirez told Border Patrol officials that he did not fear being harmed by any public official in Mexico, and he failed to point to objective evidence showing that he will more likely than not be tortured there.  *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (explaining that a "petitioner must demonstrate that he would be subject to a *particularized threat* of torture" that is "beyond that of which all citizens" face (quotation marks omitted)).

**PETITION DENIED.**